IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

CHRISTOPHER MOSES, et al.,

      Plaintiffs,                            Case No. 1:22cv665-JPH-MJD

  v.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,

      Defendant.

# CASE MANAGEMENT PLAN

## I. Parties and Representatives

    A.    **Plaintiffs:** Christopher Moses, All American Clean LLC, Themi Sacarellos, Round The Clock East Inc., Antonio Vitolo, Jake's Bar And Grill, LLC, Alfred Castiglioni, Chardonnay's Inc.

          **Defendant:** Comcast Cable Communications Management, LLC

    B.    **Attorneys for Plaintiffs:**
          Wisconsin Institute for Law and Liberty
          330 E Kilbourn Ave, Suite 725
          Milwaukee, WI 53202
          Phone: 414-727-9455
          Fax: 414-727-6385
          Daniel P. Lennington, dan@will-law.org
          Richard M. Esenberg, rick@will-law.org
          Katherine D. Spitz. kate@will-law.org
          Luke Berg, luke@will-law.org

**Attorneys for Defendant**
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
202-742-8900
Paul D. Clement, paul.clement@clementmurphy.com
Andrew C. Lawrence, andrew.lawrence@clementmurphy.com
Darina Merriam, darina.merriam@clementmurphy.com

## II. Jurisdiction and Statement of Claims

A. Plaintiffs' complaint presents a federal question arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Jurisdiction is therefore proper under 28 U.S.C. § 1331.

B. Plaintiffs are small businesses and their owners, all of whom are white males. Plaintiffs allege that Defendant violated and continues to violate their civil rights by offering a program, called Comcast RISE, that is not open to white male business owners. Plaintiffs contend this program, which offers a contractual relationship between Defendant and grant recipients with a racial qualification, amounts to a violation of 42 U.S.C. § 1981. This federal law prohibits racial discrimination in the contract-making process.

C. Comcast argues that §1981 does not forbid targeted charitable programs like RISE where the benefactors' obligations follow from its charitable commitment, not from any legally enforceable contract right. Comcast contends that such targeted offers of generosity are not ordinary contracts subject to §1981 and implicate the First Amendment rights of the benefactors. Additionally, Comcast contends that, even if the RISE program implicated §1981, the program is valid under the applicable Title VII standards.

## III. Pretrial Pleadings and Disclosures

The parties believe that this case should be resolved without discovery or trial. There are no facts in dispute and this case involves purely legal issues, namely, whether Defendant's program (Comcast RISE) violates 42 U.S.C. § 1981. The parties have previously briefed a motion for preliminary injunction and do not dispute the facts in the record.

On July 18, 2022, Defendant filed a motion to dismiss. Plaintiffs intend to respond and file their own motion for summary judgment. The parties jointly propose the following briefing schedule:

- Defendant's Motion to Dismiss: **July 18**

- Plaintiffs' Combined Response to Defendant's Motion to Dismiss and Motion for Summary Judgment: **August 30**

- Defendant's Combined Reply in Support of Motion to Dismiss and Response to Plaintiffs' Motion for Summary Judgment: **September 30**

- Plaintiffs' Reply in Support of Motion for Summary Judgment: **October 14**

Because the parties believe that this case involves a purely legal question that is best suited for dispositive-motions practice and that no discovery or trial is necessary, the parties respectfully suggest that the deadlines below are unnecessary for the resolution of this dispute. If the Court were to deny all of the parties' dispositive motions, then the Court could convene a scheduling conference at a future date to set necessary deadlines. If the Court disagrees with the parties' proposal, however, the parties have prepared the following deadlines in order to comply in good faith with this Court's Scheduling Order (Doc. 37).

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 25, 2022**.

    B.    Plaintiffs shall file preliminary witness and exhibit lists on or before **August 1, 2022.**

    C.    Defendant shall file preliminary witness and exhibit lists on or before **August 5, 2022**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 2, 2022**.

    E.    Plaintiffs shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **July 29, 2022**. Defendant shall serve on the Plaintiffs (but not file with the Court) a response thereto within 21 days after receipt of the proposal.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 1, 2023**. Parties shall disclose the name, address, and vita

of any rebuttal expert witness, and shall serve the rebuttal expert report required by Fed. R. Civ. P. 26(a)(2) on or before **March 1, 2023**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 15, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 1, 2023**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the [ESI Supplement to the Report of the Parties' Planning Meeting](http://www.insd.uscourts.gov/case-management-plans) (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will

4

include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> The parties agree that no discovery (including discovery of electronically stored information ("ESI")) will be necessary for the resolution of this case. Nevertheless, in the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Revision Date: August 27, 2021

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes. Both parties believe that there are no facts in dispute and that this case can be resolved as a matter of law. Plaintiffs contend that the Comcast RISE program includes a racial qualification in connection with a contractual relationship, and therefore violates 42 U.S.C. § 1981. Defendant contends that 42 U.S.C. § 1981 does not apply to the Comcast RISE program, and that even if it did, Comcast's use of a racial qualification is permissible under existing caselaw.

B. On or before **February 7, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

6

<u>XX</u> Track 2: Dispositive motions are expected and shall be filed by **April 1, 2023**; non-expert witness discovery and discovery relating to liability issues shall be completed by **February 1, 2023**; expert witness discovery and discovery relating to damages shall be completed by **July 1, 2023**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July 2023.**

VI. **Trial Date**

The parties request a trial date in **September 2023**. The trial is by Court and is anticipated to take 2 days given the absence of factual disputes. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

   2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

   4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

       a.  brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

       b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

   5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial

*Revision Date: August 27, 2021*

is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None

Respectfully submitted,

s/Daniel Lennington
Richard M. Esenberg (pro hac vice)
Daniel P. Lennington (pro hac vice)
Katherine D. Spitz
WISCONSIN INSTITUTE FOR LAW
& LIBERTY
330 E. Kilbourne Ave.
Milwaukee, WI 53202
Telephone: (414) 727-9455
Fax: (414) 727-6385
rick@will-law.org
dan@will-law.org
kate@will-law.org

*Counsel for Plaintiffs*

Dated: July 19, 2022

s/Paul D. Clement
Paul D. Clement (pro hac vice)
Andrew C. Lawrence (pro hac vice)
Darina Merriam (pro hac vice)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
andrew.lawrence@clementmurphy.com
darina,merriam@clementmurphy.com

*Counsel for Comcast Cable
Communications Management, LLC*

```
****************************************************************************
```

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (___) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (___) _____; |

11

|  |  |
|---|---|
|  |  |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

    Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____            _____
Date                                                      U. S. District Court
                                                                    Southern District of Indiana